Filed 5/19/26  In re S.B. CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re S.B., a Person Coming Under the Juvenile Court Law. | |
| FRESNO COUNTY DEPARTMENT OF SOCIAL SERVICES,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>R.B.,<br><br>Defendant and Appellant. | F090501<br><br>(Super. Ct. No. 25CEJ300050-1)<br><br>**OPINION** |

## THE COURT*

APPEAL from an order of the Superior Court of Fresno County.  Kimberly J. Nystrom-Geist, Judge.

R.B., in pro. per., for Defendant and Appellant.

Douglas T. Sloan, County Counsel, and Lisa R. Flores, Deputy County Counsel, for Plaintiff and Respondent.

-ooOoo-

---

*         Before Hill, P. J., Franson, J. and DeSantos, J.

## PROCEDURAL AND FACTUAL BACKGROUND

On June 2, 2025, R.B. (petitioner) petitioned the juvenile court for access to his granddaughter's, S.B.'s, case file by filing a Judicial Council form JV-570 (Petition for Access to Juvenile Case File) that requested "Case Information" and all orders and dates of pending hearings (See Welf. & Inst. Code, § 827).[1] Petitioner asserted that he has a direct and legitimate interest in the case as S.B.'s grandfather but failed to address the purpose for obtaining the records and cited authority only relevant to attendance at juvenile hearings.

He further argued that as a grandparent, the court was required to consider whether to grant him visitation rights. Petitioner also argued that the social worker was required to locate him according to section 309, subdivision (e) and provide him with a copy of Judicial Council form JV-287 (Confidential Information). Petitioner concluded that the failures to place S.B. with relatives and to provide him notice required the court to grant him admission to all subsequent proceedings. Petitioner's declaration in support of his petition to access the juvenile case file asserted that he has a close and supportive relationship with S.G., he regularly visited her as an infant, and he maintained a close and supportive relationship by phone and in writing when not able to visit.[2]

The juvenile court denied the petition on June 30, 2025, concluding that access to the juvenile case file, or the records contained therein, was not in the child's best interests, the need for access did not outweigh the privacy rights of the child and policy considerations favoring confidentiality, and the petition failed to show the requested records were necessary and had substantial relevance to petitioner's legitimate needs. The juvenile court additionally noted that petitioner's petition addressed only the rules

---

[1]     Undesignated statutory references are to the Welfare and Institutions Code.

[2]     Petitioner is in the custody of the Department of Corrections and Rehabilitation and mailed his documents to the superior court from Corcoran State Prison.

pertaining to presence at hearings and not access to the case file, petitioner's petition was overbroad, and the order denying the petition was without prejudice to petitioner's submission of a more narrowly tailored petition.

Petitioner filed a Judicial Council form JV-180 (Request to Change Court Order) on August 6, 2025, and requested modification of the court's June 30, 2025 order. Petitioner alleged that the request was pursuant to section 385, which permits a court to reconsider previous orders despite the absence of a section 388 petition establishing changed circumstances. Petitioner argued that the request was not overbroad because other relatives, including S.B.'s aunt and grandmother, "have had access to all of the information requested" because "they have been allowed access to the proceedings from the start." Petitioner also argued that the court's order denied him equal protection under the law because other relatives had attended the hearings. Additionally, petitioner argued that maintaining a relationship with him was in S.B.'s best interests and he had valuable insight into the parties involved in S.B.'s case.

The juvenile court denied the request on August 8, 2025, because it did not state new evidence or a change in circumstance, did not promote the best interests of the child, and appeared unrelated to the order which petitioner sought to change.

Petitioner filed this timely appeal on September 23, 2025.

### DISCUSSION

Petitioner raises four issues in this appeal: (1) he was denied access to the proceedings; (2) other relatives were granted access to the proceedings or visitation; (3) his right to equal protection under the law has been violated; and (4) the juvenile court misapplied the law in denying his request to change the court's order denying him access to the juvenile court records. Of these four issues, only the last is properly raised in petitioner's appeal, an appeal from the court's denial of petitioner's request to change the court's order, and we affirm.

3.

## I. The juvenile court did not abuse its discretion by denying access to juvenile court records.

### A. Sections 827, 385, 388 and the Standard of Review on Appeal

The Legislature has expressly stated that "juvenile court records, in general, should be confidential." (§ 827, subd. (b)(1).) "Thus, section 827 restricts access to the case file in a juvenile proceeding. That section lists persons entitled to inspect the file without a court order, and a smaller number of persons who are also entitled to receive copies of the file without a court order. (§ 827, subd. (a)(1), (5); [Cal. Rules of Court,] rule 5.552(b)(1).)" (*In re B.F.* (2010) 190 Cal.App.4th 811, 818.) Although anyone may petition the juvenile court to inspect or copy the case file, grandparents are not included as persons who are entitled to do so without a court order. (§ 827, subd. (a)(1); Cal. Rules of Court,[3] rule 5.552(b)(3), (c).) Section 827, however, permits disclosure of juvenile court records to certain persons, including any "person who may be designated by court order of the judge of the juvenile court upon filing a petition." (§ 827, subd. (a)(1)(Q); see *In re B.F.*, at p. 818.)

The petitioner must identify the "specific file sought" and "describe in detail the reasons the file is being sought and its relevance to the proceeding or other purpose for which petitioner wishes to inspect or obtain the files." (Rule 5.552(a)(1), (2).) The petitioner seeking access to the records bears the burden to show good cause justifying such access. (Rule 5.552(c)(1), (2).) The petitioner has the burden of proving by a preponderance of the evidence that "the records requested are necessary and have substantial relevance to the legitimate need of the petitioner." (Rule 5.552(c)(6).) "[I]f the court determines that there may be information or documents in the records sought to which the petitioner may be entitled, the juvenile court judicial officer must conduct an in camera review of the juvenile … case file and any objections and assume that all legal claims of privilege are asserted." (Rule 5.552(c)(3).)

---

[3] Undesignated rule references are to the California Rules of Court.

To determine whether to grant the petition, the court "must balance the interests of the child and other parties to the juvenile court proceedings, the interests of the petitioner, and the interests of the public." (Rule 5.552(c)(4).) "[T]he court must find that the need for access outweighs the policy considerations favoring confidentiality of the juvenile … case file" to grant the petition. (Rule 5.552(c)(5).) If the petitioner shows by a preponderance of the evidence that the requested records are "necessary and have substantial relevance to the legitimate need of the petitioner," the court may grant access to the case file "only insofar as is necessary." (Rule 5.552(c)(6).)

On appeal, we consider the juvenile court's order based on established principles of appellate review. "Generally, a juvenile court has broad and exclusive authority to determine whether and to what extent to grant access to confidential juvenile records pursuant to section 827. [Citations.] Review of a juvenile court's decision to release juvenile records under section 827 is for abuse of discretion." (*In re Elijah S.* (2005) 125 Cal.App.4th 1532, 1541.) A court abuses its discretion when, in exercising such discretion, it exceeds the bounds of reason, considering all of the circumstances before it. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 566.) Petitioner bears the burden of establishing an abuse of discretion; this court will not substitute its opinion for that of the juvenile court and divest the juvenile court of its discretionary power unless petitioner shows a clear case of abuse. (*Denham*, at p. 566; *Jameson v. Desta* (2018) 5 Cal.5th 594, 609; *Blank v. Kirwan* (1985) 39 Cal.3d 311, 331.) We review the correctness of the order at the time of its rendition, based on the record that was before the juvenile court for its consideration, disregarding alleged facts in the briefs on appeal which are not contained in the record. (*Cassidy v. California Bd. of Accountancy* (2013) 220 Cal.App.4th 620, 628.)

Any person having an interest in the child may petition the juvenile court for a hearing to modify an earlier order based on changed circumstances or new evidence. (§ 388, subd. (a)(1).) The petitioning party bears the burden of showing by a

5.

preponderance of the evidence that there is new evidence or changed circumstances and the modification would be in the best interests of the child. (*In re Stephanie M.* (1994) 7 Cal.4th 295, 317.)

Whether the juvenile court should modify a previously made order rests within its discretion, and its determination may not be disturbed unless an abuse of discretion is clearly established. (*In re Stephanie M., supra*, 7 Cal.4th at p. 318.) " ' "[A] reviewing court will not disturb that decision unless the trial court has exceeded the limits of legal discretion by making an arbitrary, capricious, or patently absurd determination [citations]." ' " (*Ibid.*) " ' "The appropriate test for abuse of discretion is whether the trial court exceeded the bounds of reason. When two or more inferences can reasonably be deduced from the facts, the reviewing court has no authority to substitute its decision for that of the trial court." ' " (*Id.* at p. 319.)

**B.      Analysis**

The court did not abuse its discretion by denying petitioner's request to change a court order. The court properly concluded that petitioner failed to establish sufficiently changed circumstances. Petitioner did not provide the juvenile court with any new evidence or changed circumstances in support of his request but argued that he did not have to establish changed circumstances because section 385 permits the court to change its order at any time.

The Legislature has defined the juvenile court's statutory authority to modify its previous orders in Welfare and Institutions Code, article 12, sections 385 through 391. (See *In re Marilyn H.* (1993) 5 Cal.4th 295, 305 [briefly describing §§ 385–390].) Section 385 provides that any court order in a dependency case "may at any time be changed, modified, or set aside, as the judge deems meet and proper, subject to such procedural requirements as are imposed by this article." Section 386 mandates that the court refrain from exercising its discretion under section 385 unless the court has

6.

provided prior notice of the application to the social worker and the child's counsel of record or, if there is no counsel of record, to the child and their parent or guardian.

However, section 388 applies and is the appropriate procedural mechanism where a party seeks a modification of a previous order based on new evidence or changed circumstances. (*Nickolas F. v. Superior Court* (2006) 144 Cal.App.4th 92, 106.) Therefore, when a party asks the court to modify a previous order, the party must proceed under section 388. (*Ibid.*, citing *Marilyn H.*, *supra*, 5 Cal.4th, at p. 305.)

While changed circumstances need not be shown pursuant to section 385 when the court determines on its own that modification of a prior order is required, the court here did not determine on its own that modification of its June 30, 2025 order was required. Whether an order should be modified pursuant to section 385 rests within the sound discretion of the juvenile court (*Nickolas F. v. Superior Court, supra*, 144 Cal.App.4th at pp. 116–117), and petitioner has failed to convince us that the court clearly abused its discretion.

Petitioner argued that the request was not overbroad because other relatives, including S.B.'s aunt and grandmother, "have had access to all of the information requested" because "they have been allowed access to the proceedings from the start." Pursuant to section 827, petitioner was required to identify "[t]he specific file sought" and "describe in detail the reasons the file is being sought and its relevance to the proceeding or other purpose for which petitioner wishes to inspect or obtain the files." (Rule 5.552(a)(2).) Petitioner argued that he needed the court records because he had been denied the opportunity to attend the juvenile hearings, maintaining a relationship with S.B. is in her best interests, and he wished to visit with S.B.

Petitioner bears the burden to show good cause justifying such access (rule 5.552(c)(1), (2)) and must prove by a preponderance of the evidence that "the records requested are necessary and have substantial relevance to the legitimate need of" petitioner (rule 5.552(c)(6)). While it may be true that S.B. should continue to have a

relationship with petitioner, these considerations do not establish that the records requested are necessary to pursue those objectives. Petitioner has not demonstrated that access to the juvenile records is necessary for petitioner to file either a motion for permission to attend juvenile hearings (or participate by telephone) or a motion requesting the juvenile court to permit visitation with petitioner.

The juvenile court did not abuse its discretion in denying petitioner's request to modify its order denying access to juvenile records because petitioner failed to present any new evidence or changed circumstances pursuant to section 388. Additionally, given petitioner's showing in his petition to access juvenile records, we cannot conclude that the juvenile court's failure to sua sponte modify its June 30, 2025 order denying petitioner's petition for access to juvenile records pursuant to section 385 exceeded the limits of legal discretion as an arbitrary, capricious, or patently absurd determination under the circumstances of this case.

## II. *Petitioner's access to juvenile court proceedings is not properly raised in this appeal.*

Petitioner alleges that the juvenile court denied him access to the juvenile court proceedings and denied him visitation with S.B. while other relatives had been granted access to the proceedings or visitation, thereby violating his right to equal protection under the law. The court record does not include any formal motion or request for a court order permitting attendance at any juvenile hearing or visitation, nor any order of the court acting on such motions. Petitioner filed a notice of appeal as to the August 8, 2025 order denying his request for modification of the June 30, 2025 order that denied his petition for access to juvenile court records. The August 8, 2025 order did not address issues pertaining to petitioner's attendance at hearings or visitation.

" '[T]he timely filing of an appropriate notice of appeal or its legal equivalent is an absolute prerequisite to the exercise of appellate jurisdiction.' " (*In re J.F.* (2019) 39 Cal.App.5th 70, 74; see *In re Isaiah W.* (2016) 1 Cal.5th 1, 7 [" ' "Appellate

8.

jurisdiction to review an appealable order is dependent upon a timely notice of appeal." ' "].) When, as here, a notice of appeal specifies a particular judgment or order, the jurisdiction of the appellate court is limited to that specified judgment or order. (*Norman I. Krug Real Estate Investments, Inc. v. Praszker* (1990) 220 Cal.App.3d 35, 46.)

Therefore, petitioner's arguments regarding access to the juvenile court hearings, visitation, and violation of his equal protection rights are not properly raised in this appeal, and we decline to address them.

### III. *Request for judicial notice.*

Petitioner has requested we take judicial notice of his second pending appeal to this court (case No. F090806) pertaining to the juvenile court's order denying his October 20, 2025 Judicial Council form JV-570 (Petition for Access to Juvenile Case File). That petition requested the reporter's transcript for S.B.'s section 300 hearing, which petitioner claimed was necessary for his equal protection claim raised in this appeal. By our order of January 29, 2026, we deferred consideration of petitioner's request for judicial notice.

A party seeking judicial notice is required to explain why the matter to be noticed is relevant to the appeal. (Rule 8.252(a)(2)(A).) Petitioner's request does not satisfy this requirement and simply states that the documents to be noticed are "needed for meaningful appellate review" in the instant appeal. However, we previously denied petitioner's motion to augment and correct the record in this appeal to include the reporter's transcript of S.B.'s section 300 hearing because petitioner failed to demonstrate that he was present at the hearing or otherwise entitled to it. Accordingly, because petitioner has failed to demonstrate that his appeal in case No. F090806 (relating to his petition to access the section 300 hearing transcript) is relevant to the dispositive issue in this appeal, we decline to take judicial notice of it. (See *Doe v. City of Los Angeles*

9.

(2007) 42 Cal.4th 531, 544, fn. 4; *Arce v. Kaiser Foundation Health Plan, Inc.* (2010) 181 Cal.App.4th 471, 482.)

## DISPOSITION

The juvenile court's August 8, 2025 order denying petitioner's request for a modification of its June 30, 2025 order is affirmed.